UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

CARLOS ABREU, 99-A-3027,

        Plaintiff,

   -v-

BRIAN FISCHER, DOCS Commissioner;
NORMAN BEZIO, DOCS Director,
Special Housing/Inmate Disciplinary Program;
LESTER N. WRIGHT, DOCS Deputy
Commissioner/Medical Chief Officer, M.D.;
KAREN BELLAMY, DOCS Director Inmate
Grievance Program;
MARY JEANNE PERLMUTTER, Law Library
Coordinator;
JAMES CONWAY, DOCS, Superintendent of
Attica Correctional Facility;
PAUL CHAPPINS, JR., Deputy Superintendent
for Security, Attica Correctional Facility;
M. WALLER, Deputy Superintendent for
Administrative, Attica Correctional Facility;
SANDRA DOLCE, Deputy Superintendent
for Programs;
S. WASKOWSKI, Dr., Health Service Director,
Attica Correctional Facility;
R. KILLINGER, Nurse Administrator,
Attica Correctional Facility;
BROOKE BLAISE-RONEY, Regional Health
Service Administrator;
LUCIEN J. LECLAIRE, JR., Deputy Commissioner
RICHARD ROY, Deputy Commissioner/
Inspector General;
SUPT. NAPOLI, Superintendent,
Southport Correctional Facility;
J. COLVIN, and
A. BARTETT
Southport Correctional Facility,

        Defendants.

___

-PS-

**DECISION and ORDER**
09-CV-6240L



## INTRODUCTION

Plaintiff Carlos Abreu, an inmate proceeding *pro se*, filed this action, in the form of a motion for injunctive relief, in the U. S. District Court for the Northern District of New York.[1] Because plaintiff's allegations concern events that purportedly occurred at Attica and Southport Correctional Facilities, which are located in the Western District of New York, the action was transferred to this District.

He has requested permission to proceed *in forma pauperis* and supplied the requisite supporting papers. Accordingly, permission to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).[2] For the reasons discussed below, the motion for injunctive relief is denied without prejudice and plaintiff is afforded an opportunity to clarify his pleadings.

## PROCEDURAL HISTORY AND RELATED ACTIONS

Previously, plaintiff filed an action in this District (08-CV-6521L), and another action in the Southern District of New York, which was later transferred to this District (09-CV-6114L). Both actions sought declaratory relief. These two prior actions have been consolidated, and all further docketing is now done in 08-CV-6521L. In the consolidated action, plaintiff names over thirty-five defendants who are alleged to have violated his rights by engaging in retaliation for his grievances and other complaints, and failed to give him mental health treatment in SHU, where he will remain until 2011, and which failure has caused his condition to deteriorate.

---

[1] The motion has been deemed a Complaint and appears on the Court's docket as such.

[2] Plaintiff may have not intended to file this Motion as a separate action, and an application for permission to proceed *in forma pauperis* may not have been necessary for filing the motion. If plaintiff did not intend a separate action, then permission to proceed *in forma pauperis* will be withdrawn.

2

The instant action names at least ten defendants who are named in the consolidated action (with others that may be alternative spellings for the same individuals). Plaintiff again alleges that he is suffering from retaliation, in addition to denial of access to the law library, denial of medical care, and unconstitutional conditions of confinement. Based on the date that plaintiff signed the instant pleading, it appears that he mailed the document to the Northern District just prior to this Court's consolidation of his two previous actions.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis.*

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of plaintiff's pleading. "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted). *Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law, see *Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997). In this action, the motion for injunctive relief is deemed to be the Complaint for the purposes of this initial review.

In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant

3

fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson, v. Pardus*, 551 U.S. 89,–, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

Although this Court liberally construes the pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972), it will not allow duplicative or repetitious litigation of identical causes of action. See *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ( "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive and dismissed under the authority of section 1915(e)"). Here, several of plaintiff's allegations and named defendants overlap with those in his pending action (08-CV-6521). Such claims are subject to dismissal as repetitive if they are included in a new action.

Here, it is entirely unclear whether plaintiff intended his request for injunctive relief to be filed as a new action, as it is currently docketed, or whether he intended to file it as an amended or supplemental pleading or as a motion in his prior, consolidated action. If the papers were intended to be treated as an amended pleading, supplemental pleading or motion, and not as an entirely new action, then plaintiff did not need to request permission to proceed *in forma pauperis* and would not need to pay the additional filing fee. Therefore, clarifying plaintiff's intention is an important initial question.

The Court will allow plaintiff an opportunity to clarify his intentions. Plaintiff is directed to respond to this Order by **July 7, 2009** by taking one of the following actions:

- if he intends that his request for injunctive relief be a new, separate action, he must file an Amended Complaint which raises **only** claims that are **not** already pleaded in his consolidated action, (08-CV-6521L);

- if he intends that his request be filed as a motion in his consolidated action, he must advise the Court by letter, at which time this new action will be closed administratively and any money taken from his account toward a filing fee will be returned; or

- if he intends to add new claims in the consolidated action, 08-CV-6521L, he must advise the Court by letter, at which time this new action will be closed administratively and any money taken from his account toward a filing fee will be returned.

To assist plaintiff in preparing his response, the Clerk of the Court is directed to send plaintiff a copy of the operative pleading in 08-CV-6521, a copy of the motion papers filed in the instant action, a copy of the Pro Se Litigation Guidelines, and the instruction and forms necessary for filing a proposed Amended Complaint.

## CONCLUSION AND ORDER

For the reasons discussed above, plaintiff's request to proceed *in forma pauperis* is granted. If, however, plaintiff states that he did not intend to file a new, separate action, this action will be closed administratively, and any money withdrawn from plaintiff's prison account will be returned to him.

IT HEREBY IS ORDERED that Plaintiff's motion for injunctive relief is DENIED without prejudice;

FURTHER, that Plaintiff is directed to respond to this Order by **July 7, 2009** and clarify his intention with respect to his request for injunctive relief:

5

If Plaintiff intends to proceed with this case as a separate action, he must file an amended complaint, in which he raises **only** his claims that are **not** already pleaded in his consolidated action (08-CV-6521);

If Plaintiff intends that his request for injunctive relief be filed as a motion in his consolidated action, 08-CV-6521, he must inform the Court by letter; and

If Plaintiff intends to add claims and/or parties in his consolidated action, 08-CV-6521, he must inform the Court by letter. He may then file a motion to amend in that action;

FURTHER, that if Plaintiff states an intent to proceed with 08-CV-6521 only, the Clerk of the Court is directed to close this case without further notice or order;

FURTHER, that if Plaintiff fails to respond as directed in this Order by **July 7, 2009**, his request for injunctive relief will be construed as a Motion in the consolidated case, 08-CV-6521, and the Clerk of the Court is directed to close this case without further notice or order and file the Complaint herein as a Motion in 08-CV-6521; and

FURTHER, that the Clerk of the Court is directed to send plaintiff a copy of the operative pleading in 08-CV-6521, a copy of the Complaint filed in the instant action, a copy of the Pro Se Litigation Guidelines, and the instruction and forms necessary for filing a proposed Amended Complaint.

SO ORDERED.

Dated: June 6, 2009
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge